IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Willie Sells, ) | |
| ) | |
| ) | Civil Action No. 8:05-3125-MBS-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **Report of Magistrate Judge** |
| ) | |
| Jon E. Ozmint, Director, ) | |
| South Carolina Department ) | |
| of Corrections, in his individual ) | |
| and official capacities; Colie ) | |
| Rushton; Unknown John ) | |
| Doe, Unknown Mary Doe, ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action in state court on October 31, 2005, seeking damages for alleged civil rights violations. On November 4, 2005, the defendants removed the case to this federal court. On February 1, 2006, the defendants moved for summary judgment. By order filed February 2, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response on April 17, 2006.

1

**FACTS PRESENTED**

The plaintiff is an inmate within the South Carolina Department of Corrections ("SCDC") housed at the McCormick Correctional Institute ("MCI"). In his compliant, the plaintiff alleges when he was transferred to MCI on May 11, 2005, he was coerced into signing a consent form allowing him to be housed in a cell with two other inmates. (Compl. ¶ 8.) The plaintiff filed a grievance on May 17, 2005, regarding the triple-celling and complaining that one of his cellmates has hepatitis, which he fears contracting, and the other requires a daily insulin shot at 3:30 a.m., which disrupts the plaintiff's sleep. (Doc. Entry # 4.) In his complaint, the plaintiff alleges that SCDC policy requires MCI segregate inmates with diseases. (Compl. ¶ 9.) He also alleges the MCI is understaffed and noisy. (Compl. ¶¶ 10-11.)

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the

2

movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

**TRIPLE-CELLING CLAIMS**

The plaintiff claims his constitutional rights have been violated based on the defendants' placement of him in a cell with two other inmates.[1] This practice, known as "triple-celling," however, is not per se unconstitutional. *See Hite v. Leeke*, 567 F.2d 670 (4th Cir. 1977); *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991)("It is well established that "double or triple celling of inmates is not per se unconstitutional"); *see also Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("[T]here is no evidence that double celling under these circumstances either inflicts unnecessary or wanton pain or is grossly disproportionate to the severity of crimes warranting imprisonment."). "[O]vercrowding accompanied by

---

[1] The plaintiff refers to the eighth and fourteenth amendments of the South Carolina Constitution. However, the S.C. Constitution does not have an eighth or fourteenth amendment and the plaintiff cites caselaw interpreting the eighth and fourteenth amendments of the U.S. Constitution. Accordingly, the court analyzed the plaintiff's claims under the U.S. Constitution.

3

unsanitary and dangerous conditions can constitute an Eighth Amendment violation, provided an identifiable human need is being deprived." *Griffin*, 952 F.2d at 824-25. Alone, triple bunking simply does not constitute a cognizable Eighth Amendment deprivation.

The plaintiff contends that forcing him to share a cell with inmates who have a communicable disease violates his constitutional rights.[2] The plaintiff alleges he was housed with an inmate who had hepatitis and he feared catching it.[3] "[E]xtreme deprivations are required to make out a conditions-of-confinement claim. . . . Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.' " *Hudson v. McCMillian*, 503 U.S. 1 at 8 (1992)(internal citations omitted). Even when the plaintiff's allegations of overcrowding are combined with his allegations of unsanitary conditions, his claims do not rise to the level of an Eighth Amendment violation. Moreover, the plaintiff's claims fail as he has not alleged a significant physical or emotional injury from the challenged conditions. *See White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (Eighth Amendment claim should be dismissed if it fails to suggest inmate suffered a serious physical or mental injury from the condition).

The plaintiff must produce sufficient evidence for a finder of fact to conclude that triple-celling created an unreasonable risk of serious damage to his health, that the defendants deliberately disregarded that risk. *Helling v. McKinney*, 509 U.S. 25, 35-36.

---

[2] It appears the plaintiff has since been moved to another cell. (Pl.'s Mem. Opp. Summ. J. at 3.) Thus, to the extent the plaintiff is requesting declaratory and injunctive relief, this claim is moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991) (holding that prisoner's transfer to another facility mooted his claims for declaratory and injunctive relief).

[3] The plaintiff also complains that his other cellmate, a diabetic who requires insulin at 3:30 a.m., disrupts his sleep. Clearly, any claim relating to the plaintiff's sleep being disrupted does not rise to the level of a constitutional violation as this situation does not create an unreasonable risk of serious damage to the plaintiff's health.

4

There can be little doubt that hepatitis, if contracted by an inmate, would result in serious harm. The plaintiff, however, has presented insufficient evidence that inmates are at a substantial risk of contracting hepatitis from his cellmates. *Jones v. Goord*, 2006 WL 1489240 (S.D.N.Y. May 26, 2006). To support his claim, the plaintiff does not allege hepatis has actually been spread from one cellmate to another simply because they are housed in a triple cell. Rather, the plaintiff alleges that there is the potential for this disease to spread because there are some inmates who have these diseases who are triple-celled. However, there is the potential for disease to be spread by countless other inmates with whom the plaintiff interacts on a daily basis in programs or in the yard. The plaintiff has failed to raise an issue of fact regarding whether triple-celling creates a substantial risk of contracting hepatitis. *Id*.

The plaintiff also contends that he has endured excruciating arthritis pain because he is forced to climb up to the top bunk each night. The court will not infer an injury to this plaintiff who has alleged little more than routine discomfort. Furthermore, although "complaints about the design and location of the bunks could give rise to a negligence claim, they do not provide a basis for relief under § 1983." *Batts v. Martin*, 825 F.2d 406 (4th Cir. 1987)(unpublished)(where plaintiff injured his knee after falling from the top bunk in a triple-cell). Accordingly, the plaintiff's claims regarding his triple-celling are without merit.

### EXCESSIVE NOISE CLAIMS

The plaintiff also alleges that he has been subjected to excessive noise which has disrupted his sleep and that the MCI is understaffed. Although the plaintiff alleges his blood pressure has risen because of his sleep deprivation, other than his own statements, he has not offered any facts supporting this conclusion. The court need not accept unsupported conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir.1979). Again, the court will not infer an

injury to the plaintiff who has alleged little more than routine discomfort. Accordingly, these claims are without merit.[4]

### INADEQUATE STAFFING OR TRAINING CLAIMS

The plaintiff alleges that under-staffing and inadequate training of the prison personnel sometimes leaves inmates unsupervised exposing the plaintiff and others "to serious security breachs (sic), which in some instances could be fatal." (Pl.'s Mem. Opp. Summ. J. at 7.) As noted above, the court will not infer an injury and need not accept unsupported conclusory factual allegations devoid of any reference to actual events. *Id*. Without any factual allegations supporting this claim and without any allegations of any injury, these claims are without merit.

### MEDICAL INDIFFERENCE CLAIMS

The plaintiff also appears to allege the defendants have been indifferent to his medical needs. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id*. It is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id*. at 104. "Deliberate indifference is a very high standard-a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir.1999). The plaintiff has not shown that he had any serious medical need to which the defendants

---

[4]This report and recommendation addresses the plaintiff's claims on the merits. Alternatively, the undersigned recommends that this action be dismissed because the plaintiff has failed to exhaust his administrative remedies. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life. The record shows that the plaintiff has not filed any Step 2 grievance and filed a Step 1 grievance only regarding his triple-celling and sleep deprivation claims. Accordingly, the plaintiff has failed to exhaust his administrative remedies for all of his claims. *Ceasar v. Ozmint*, 2006 WL 1751715 (D.S.C. filed June 19, 2006)

responded with deliberate indifference. The plaintiff's extensive medical records show that he has been seen on a regular basis by health services personnel. (Defs. Mem. Supp. Summ. J. Attach. 4 - Dash-Frazier Aff.) Accordingly, to the extent that the plaintiff raises a medical indifference claim, it should be dismissed.

## STATE LAW CLAIMS

To the extent that the plaintiff's complaint can be perceived to state additional claims under state law, the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367©.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the plaintiff's claims be DISMISSED with prejudice.

IT IS SO ORDERED AND RECOMMENDED.

                                                    S/Bruce H. Hendricks
                                                    United States Magistrate Judge

July 31, 2006
Greenville, South Carolina