UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| Willie Sells, ) | C/A No. 8:05-3125-MBS-BHH |
| ) |  |
| Plaintiff, ) |  |
| vs. ) | **ORDER** |
| ) |  |
| Jon E. Ozmint, Director, ) |  |
| South Carolina Department of ) |  |
| Corrections, in his individual and ) |  |
| official capacities; Colie Rushton, Warden, ) |  |
| McCormick Correctional Institution, and ) |  |
| John and Mary Does acting on behalf ) |  |
| and under said authority, ) |  |
| ) |  |
| Defendants. ) |  |
| _____) |  |

    Plaintiff Willie Sells is an inmate in custody of the South Carolina Department of Corrections (SCDC) who currently is housed at the McCormick correctional Institution in McCormick, South Carolina. Plaintiff, appearing *pro se*, alleges that Defendants violated his rights under the Eighth and Fourteenth Amendments by (1) requiring him to be placed in a cell with two other inmates (triple celling); (2) placing him in a cell with an inmate allegedly infected with hepatitis; (3) disrupting his sleep due to excessive noise, (4) inadequately training of the prison personnel, and (5) evidencing deliberate indifference to his medical needs. Plaintiff brought this action in state court on October 31, 2005, seeking damages for these alleged civil rights violations. (*See id.*) Defendants removed the case on November 4, 2005.

    The matter is before the court on motion for summary judgment filed by Defendants on February 1, 2006. (Entry 12) By Order issued February 2, 2006, in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure

and of the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to the summary judgment motion on April 17, 2006.

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge reviewed the summary judgment motions and filed a Report and Recommendation on July 31, 2006. (*See* Magistrate Judge Bruce H. Hendricks, Report and Recommendation (Entry 18).) The Magistrate Judge recommended that the court grant Defendants' motion for summary judgment on all federal claims, and that the court decline jurisdiction over any claims that could be construed as arising under state law. Plaintiff filed objections to the Report and Recommendation on September 19, 2006.

The Magistrate Judge makes only a recommendation to the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id*. The court is charged with conducting a *de novo* review of the report to which specific objection has been made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

   I.     **FACTS.**

The facts are discussed in the Magistrate Judge's Report and Recommendation. Briefly, Plaintiff alleges that MCI officials required him to consent to triple celling or else be subject to lock-up. Plaintiff contends that inmates with medical diseases were not segregated from other inmates and he was not informed as to what inmates impose a medical threat to him. Plaintiff further alleges that his sleep was interrupted and that MCI is understaffed and noisy. Plaintiff further contends that

the MCI correction officers are not properly trained and that there are an inadequate number of officers to supervise the inmate population.

## II.    DISCUSSION.

Plaintiff first contends that the Magistrate Judge erred in recommending summary judgment be granted because Defendants' actions are in violation of a consent decree entered in *Nelson v. Leeke*, C/A No. 82-876-002. However, the consent decree was terminated pursuant to the Prison Litigation Reform Act, which was enacted in 1996. *See Plyler v. Moore*, 100 F.3d 365 (4th Cir. 1996).

Plaintiff also contends the Magistrate Judge erred in recommending summary judgment be granted on the merits as to Plaintiff's claims regarding triple celling. Double or triple celling of inmates, without more, is not per se unconstitutional. Double or triple celling neither "inflicts unnecessary or wanton pain [n]or is grossly disproportionate to the severity of crimes warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337 (1981). To prevail, Plaintiff must prove that the triple celling combined with other substandard conditions of confinement "have a mutually enforcing effect that produce[d] the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . ," *Williams v. Griffin*, 952 F.2d 820, 824 (4th Cir. 1991), or that triple-celling created an unreasonable risk of serious damage to his health, and that Defendants deliberately disregarded that risk, *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). In this case, Plaintiff asserts that he was forced to share a cell with an inmate who had hepatitis. As the Magistrate Judge properly noted, Plaintiff failed to produce evidence that he was at substantial risk of contracting hepatitis from his cellmate. Plaintiff's objections are without merit.

Plaintiff contends the Magistrate Judge erred in recommending summary judgment be

granted with respect to Plaintiff's claims that his sleep was interrupted, he was subjected to excessive noise, and that MCI is understaffed and not properly trained. Plaintiff's complaints represent mere inconveniences that do not satisfy the analysis articulated in *Williams*. Moreover, as the Magistrate Judge noted, Plaintiff's claims fail because he has not alleged a significant physical or emotional injury from the challenged conditions. Moreover, the inmate must suffer some sort of injury as a result of the allegedly inhumane condition. *See Hudson v. McMillian*, 503 U.S. 1 (1992) (injury need not be significant to be violative of the Eighth Amendment, but something more than de minimis injury is required); *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1983). Plaintiff's objections are without merit.

Plaintiff asserts the Magistrate Judge erred in recommending summary judgment be granted with respect to allegations that Defendants are indifferent to Plaintiff's serious medical needs. The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). The obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* However, it is only when prison officials exhibit "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104. The key question is whether Defendants provided Plaintiff with some kind of treatment, regardless of whether it was what Plaintiff desired. *See Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986). As the Magistrate Judge properly found, Plaintiff has been treated on a regular basis by health service personnel. Plaintiff's objections are without merit.

### III. CONCLUSION.

The court adopts the Magistrate Judge's Report and Recommendation and incorporates it

4

herein by reference.  For the reasons stated above and in the Report and Recommendation, Defendants' motion for summary judgment (Entry 12) is **granted**.  The court declines to exercise jurisdiction over any allegations of the complaint that can be construed as arising under state law.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
United States District Judge

September 29, 2006

Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

5